BOWEN, Presiding Judge,
dissenting.
The investigatory stop in this case occurred when Officer Murray pulled behind the Firebird and turned on the blue lights of his patrol car. See State v. Bodereck, 549 So.2d 542, 546 (Ala.Cr.App.1989).
*33 At that point, the officer had information that a particularly described suspect had just committed a robbery at a grocery store and had fled on foot. - Several minutes later and half a block from the grocery store, the officer saw a vehicle with an out-of-state license tag and tinted windows begin backing-out of a residential driveway and then, at the approach of two patrol cars, pulling forward again.
Murray admitted that it was not inherently suspicious for a car backing out of a driveway to reverse direction and pull forward, either because the driver wished to avoid a collision with vehicles traveling the main thoroughfare, or because the driver realized he had forgotten something in the house. The officer also conceded that there was nothing inherently suspicious about the vehicle’s out-of-state license plate or tinted windows. It is “not yet a crime” to have an out-of-state license plate in Alabama. United States v. Tapia, 912 F.2d 1367, 1371 (11th Cir.1990); State v. Washington, 623 So.2d 392, 397 (Ala.Cr.App.1993).
In my opinion, Officer Murray’s observation of the Firebird resulted in a lucky “hunch,” but it did not constitute a reasonable suspicion of criminal activity based on “specific and articulable facts.” Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Murray’s belief that the driver of the Firebird was the grocery store robber was
“more an ‘inchoate and unparticularized suspicion or “hunch,” ’ [Terry v. Ohio,] 392 U.S at 27, [88 S.Ct. at 1883,] than a fair inference in the light of his experience, [and] is simply too slender a reed to support the seizure in this case.”
Reid v. Georgia, 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980).